Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| CONSEJO DE TITULARES DEL CONDOMINIO WESTERNLAKE VILLAGE I Y OTROS<br><br>Peticionarios<br><br>v.<br><br>FRANCISCO GUEVARA RAFOLS Y OTROS<br><br>Recurridos | TA2025CE00554 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Sobre: Cobro de Dinero (vía ordinaria)<br><br>Caso Núm. MZ2025CV00731 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de octubre de 2025.

Comparece ante nos la parte peticionaria, Consejo de Titulares del Condominio Westernlake Village I (en adelante, parte peticionaria o Consejo de Titulares), y solicita la revisión de la *Resolución y Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala de Mayagüez, el 12 de septiembre de 2025. Mediante la misma, el Foro Primario declaró *No Ha Lugar* una moción presentada por la parte peticionaria, en la cual solicitó la descalificación de la representación legal de la licenciada Brenda M. Fernández Santiago (en adelante, parte recurrida o licenciada Fernández Santiago).

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

**I**

El 2 de mayo de 2025, la parte peticionaria presentó la Demanda de epígrafe en Cobro de Dinero contra el señor Francisco Guevara Rafols (en adelante, Guevara Rafols) por alegadamente

adeudar cuotas de mantenimiento ascendentes a diecinueve mil cincuenta y seis dólares con cuarenta y cinco centavos ($19,056.45).[1]

Tras varios incidentes procesales, el 3 de julio de 2025, la parte recurrida presentó *Escrito Asumiendo Representación Legal y en Solicitud de Prórroga.*[2] Mediante el aludido escrito, la licenciada Fernández Santiago le informó al tribunal que el señor Guevara Rafols contrató sus servicios para que asumiera su representación legal con el caso de epígrafe y solicitó al Foro Primario una prórroga para contestar la alegación correspondiente.

Luego de que el Tribunal de Primera Instancia aceptara la representación legal de la licenciada Fernández Santiago y acogiera la solicitud de prórroga, el 11 de agosto de 2025, la parte recurrida presentó escrito intitulado, *Comparecencia Especial, Sin Someterse a la Jurisdicción Solicitando Desestimación.*[3] Mediante este, planteó que la demanda debía ser desestimada, debido a que el señor Guevara Rafols había fallecido el 26 de septiembre de 2022, antes de que hubiese sido emplazado por edicto, lo cual imposibilitaba la acción dado a que nunca se adquirió jurisdicción sobre su persona. Por ello, solicitó la desestimación de la demanda.

En reacción, el 13 de agosto de 2025, el tribunal ordenó a la parte peticionaria que expusiera su posición en un término de veinte (20) días.[4] Tal cual ordenado, el 20 de agosto de 2025, la parte peticionaria presentó un *Escrito en Cumplimiento de la Orden Emitida el 13 de agosto de 2025.*[5] En el mismo, planteó que los actos llevados a cabo por la licenciada constituían un craso incumplimiento con los cánones de ética profesional. En específico, adujo que la representante legal aseveró que fue contratada por el

---

[1] Apéndice del recurso, Entrada Núm. 1 págs. 1-3.
[2] *Íd.*, Entrada Núm. 9. págs. 1-2.
[3] *Íd.*, Entrada Núm. 11. págs. 1-5.
[4] *Íd.*, Entrada Núm. 12. págs. 1.
[5] *Íd.*, Entrada Núm. 13. págs. 1-5.

señor Guevara Rafols cuando, ya para la fecha de su comparecencia, éste había fallecido. Por ello, sostuvo que la letrada había cometido actuaciones ilegales y contrarios a los cánones de ética profesional, los cuales, a su entender, incluían ocultación de información al tribunal, fraude intencional y falta de representaciones ante el Foro Primario. Así, solicitó la descalificación de la licenciada Fernández Santiago y que se elevaran los autos ante la consideración del Tribunal Supremo, por ser el ente con autoridad para investigar y determinar las violaciones referentes a los cánones de ética profesional.

Ese mismo día, la parte recurrida presentó *Escrito en Oposición y Aclaratorio*.[6] En el pliego, informó que quien la contrató fue el señor Francisco Guevara Domenech, hijo del señor Guevara Rafols. Según expresó, por error humano e inadvertencia, no se designó correctamente el segundo apellido, por lo que pidió disculpas al Foro Primario por dicha inobservancia.

En respuesta, el 23 de agosto de 2025, la parte peticionaria presentó *Escrito en Oposición al Escrito Sometido por la Lcda. Brenda M. Fernández Santiago de fecha de 20 de agosto de 2025*.[7] En el cual reiteró, sus previos argumentos. Además, planteó que, dado a las previas comparecencias la parte demandada, se había sometido a la jurisdicción del tribunal.

Tras evaluar los argumentos de las partes, el 12 de septiembre de 2025, el Tribunal de Instancia emitió la *Resolución y Orden* recurrida.[8] En la referida determinación, la Juzgadora determinó improcedente la descalificación de la letrada y declaró *No Ha Lugar* la desestimación solicitada por la parte recurrida. Ahora bien, se ordenó a la parte peticionaria que enmendara la demanda de

---

[6] *Íd.*, Entrada Núm. 14. págs. 1-2.
[7] *Íd.*, Entrada Núm. 15. págs. 1-4.
[8] *Íd.*, Entrada Núm. 17. págs. 1-5.

epígrafe en el término de veinte (20) días conforme a lo dispuesto en la Regla 22.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 22.1.

Insatisfecho con el dictamen, el 3 de octubre de 2025, la parte peticionaria compareció ante nos mediante un recurso de *certiorari*.[9] En el mismo, formula los siguientes planteamientos:

> Erró el Tribunal de Primera Instancia al no descalificar a la Lcda. Brenda M. Fernández Santiago por ésta haber incumplido con los Cánones de Ética Profesional al comparecer al Tribunal representando a un demandado fallecido hacía ya varios años y ocultarle tal hecho al Tribunal; y representar a un tercero sin descubrirle al Tribunal su identidad y violentar la obligación del pago de los aranceles de primera comparecencia que dispone la ley.

> Erró el Tribunal de Primera Instancia al permitir que un tercero, no demandado, Sr. Francisco Guevara Domenech, interviniera en el proceso judicial, sin satisfacer los aranceles que dispone la ley y sin cumplir con los requisitos sustantivos y procesales, ordenándole a la parte demandante que enmendara la Demanda para incluir como demandado al Sr. Francisco Guevara Domenech.

> Erró el Tribunal de Primera Instancia al negarse a elevar los autos del caso al Tribunal Supremo de Puerto Rico para que ese foro determinara qué medidas disciplinarias, si algún, imponerle a la Lcda. Brenda M. Fernández Santiago por su conducta en violación de los Cánones de Ética Profesional.

Luego de examinar el expediente que nos ocupa, y contando con el beneficio de la comparecencia de la parte recurrida, procedemos a expresarnos.

## II

## A

Nuestro estado de derecho propone la *descalificación* como el mecanismo procesal idóneo para evitar cualquier quebrantamiento a los términos de las normas éticas que regulan el ejercicio de la abogacía en nuestra jurisdicción. El mismo es uno de carácter extraordinario y preventivo, no constitutivo de una acción disciplinaria. *ORIL v. El Farmer, Inc.,* 204 DPR 229, 241 (2020); *Job*

---

[9] La parte peticionaria presentó el, 21 de septiembre de 2025, una moción de reconsideración, la cual posteriormente solicitó fuera retirada.

*Connection Center v. Sups. Econo,* 185 DPR 585, 596 (2012). Al evaluar una moción de descalificación, los tribunales deben sopesar los intereses en conflicto y considerar los siguientes elementos: (1) si quien solicita la descalificación tiene legitimación activa para invocarla; (2) la gravedad del conflicto de interés envuelto; (3) la complejidad del derecho o los hechos pertinentes a la controversia y el *expertise* de los abogados involucrados; (4) la etapa de los procedimientos en que surja la controversia sobre la descalificación y su posible efecto en cuanto a la resolución justa, rápida y económica del caso; y (5) el propósito detrás de la descalificación, es decir, si la moción de descalificación está siendo utilizada como mecanismo procesal para dilatar los procedimientos. *ORIL v. El Farmer, Inc.,* supra, págs. 242-243; *Job Connection Center v. Sups. Econo,* supra, págs. 597-598. El tribunal deberá sopesar, además, el derecho que le asiste a todo ciudadano de escoger libremente el abogado que lo represente. De igual forma, el tribunal velará porque el abogado a ser descalificado tenga la oportunidad de ser oído, pudiendo presentar prueba en su defensa. *Otaño v. Vélez*, 141 DPR 820, 821 (1996); Regla 9.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 9.3.

Ahora bien, la determinación que hace el Tribunal de Primera Instancia sobre la descalificación de un abogado está impregnada de un alto grado de discreción. *Meléndez v. Caribbean Int'l. New*s, 151 DPR 649, 664 (2000). Por tanto, los foros apelativos pueden revisar la determinación de descalificación, si se demuestra que hubo un craso abuso de discreción, que el tribunal primario actuó con prejuicio o parcialidad, que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que su intervención en esa etapa evitará un perjuicio sustancial. *Íd*; *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992).

**B**

Sabido es, que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, págs. 68-69, 215 DPR __ (2025).

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

Un examen del expediente de autos mueve nuestro criterio a no intervenir con lo resuelto por el Tribunal de Primera Instancia.

De los documentos no surge que, en el ejercicio de sus facultades, el Foro Primario haya incurrido en error de derecho o en abuso de su discreción, de modo que competa soslayar la norma de

abstención judicial que, en dictámenes como el de autos, regula nuestras funciones.

A nuestro juicio, el pronunciamiento aquí recurrido obedece a una prudente gestión dirigida a procurar la más correcta tramitación del asunto sometido a su consideración. Tal cual esbozado, la determinación que respecto a la descalificación de un abogado efectúa el Tribunal de Primera Instancia, es una inherente a su criterio discrecional. Así, ante la ausencia de condición alguna que legitime el ejercicio de nuestras facultades revisoras en la causa de epígrafe, concluimos no expedir el presente auto por no concurrir los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones